IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TOSHUA THOMPSON, | ) | |
| | ) | |
| Petitioner, | ) | 8:12CV105 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES MARSHALS, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on initial review of the Petition for Writ of Habeas Corpus (Filing No. 1) brought by Toshua Thompson on behalf of her detained son, Dillon Krivohlavek. In the Petition, Thompson alleges that her son is being illegally detained by the United States Marshal's Service based on an alleged violation of his probation. Thompson also alleges that her son "has committed no crime of any kind and is entitled to be free." (*Id.* at CM/ECF p. 2.)

Because the Petition was signed and filed by Thompson, and not the detainee, the Court must determine whether Thompson has standing to pursue this petition as the detainee's "next friend." See 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). The United States Supreme Court has discussed the criteria for allowing "next friend" standing in habeas proceedings as follows:

> "[N]ext friend" standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another. Decisions applying the habeas corpus statute have adhered to at least two firmly rooted prerequisites for "next friend" standing. First a "next friend" must provide an adequate explanation -- such as inaccessibility, mental incompetence or other disability -- why the real party in interest cannot appear on his own behalf to prosecute the action . . . . Second, the "next friend" must be truly dedicated to the best interest of the person on whose behalf he seeks to litigate . . . and it has been further suggested that a "next friend" must have some significant relationship with the real party in interest. . . . The burden is on the "next friend" clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

*Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990).

The Court does not have jurisdiction to consider the habeas petition in this case because Thompson has not met her burden of establishing the propriety of her status as "next friend." Nothing in the Petition suggests that the detainee is unable to litigate the case on his own behalf. Thus, the first prerequisite of "next friend" standing has not been met and the court need go no further in its analysis. Accordingly, the Court will dismiss the Petition without prejudice for lack of

jurisdiction.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 25th day of April, 2012.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court